FILED
2014 Oct-03  AM 10:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT B



AlaFile E-Notice

01-CV-2014-903167.00

To: DAVIDSON DOW AMBROSE
dow.davidson@nelsonmullins.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

STARR SURPLUS LINES INSURANCE COMPANY ET AL V. WATTS WATER TECHNOLOGIE
01-CV-2014-903167.00

The following complaint was FILED on 8/29/2014 9:03:50 AM

Notice Date:     8/29/2014 9:03:50 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



ELECTRONICALLY FILED
8/29/2014 9:03 AM
01-CV-2014-903167.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE TENTH JUDICIAL CIRCUIT COURT OF
## JEFFERSON COUNTY, ALABAMA

Starr  Surplus Lines Insurance Company;  )
Chubb Custom Insurance Company;    )
Certain Underwriters at Lloyds of     )
London Subscribing to Policy       )
PRPNA1100944;           )
Houston Casualty Company (UK);    )
General Security Indemnity Company of )
Arizona; Ironshore Specialty Insurance  )
Company; and Steadfast Insurance    )
Company as subrogees of Bell Partners, )
Inc.,                  )   **CIVIL FILE ACTION NO.**
                    )   **01-CV-2014-903167**

    Plaintiffs,        )
                    )   **JURY TRIAL DEMANDED**
vs.                  )

Watts Water Technologies, Inc., and   )
Watts Regulator Company and/or Watts  )
Regulator Company, Inc.,       )
                    )
    Defendants.      )

## FIRST AMENDED COMPLAINT FOR PROPERTY
## DAMAGE AND DEMAND FOR JURY TRIAL

Plaintiffs Starr Surplus Lines Insurance Company; Chubb Custom Insurance

Company; Certain Underwriters at Lloyds of London Subscribing to Policy

PRPNA1100944; Houston Casualty Company (UK); General Security Indemnity

Company of Arizona; Ironshore Specialty Insurance Company; and Steadfast

Insurance Company, all as subrogees of Bell Partners, Inc., (jointly referred to as

"Plaintiffs") herewith make their First Amended Complaint against Watts Water

Technologies, Inc., Watts Regulator Company and/or Watts Regulator Company, Inc. as follows:

## JURISDICTION AND VENUE

1.      Starr Surplus Lines Insurance Company is an Illinois company with its principal place of business in New York, New York.  At all times material hereto, Starr Surplus Lines Insurance Company provided insurance coverage to Bell Partners, Inc. in connection with the property that is the subject of this Complaint.

2.      Chubb Custom Insurance Company is a Delaware company with its principal place of business in Warren, New Jersey.  At all times material hereto, Chubb Custom Insurance Company provided insurance coverage to Bell Partners, Inc. in connection with the property that is the subject of this Complaint.

3.      Certain Underwriters at Lloyds of London Subscribing to PRPNA1100944 are insurers organized and existing under the laws of the United Kingdom and operating in and through the London insurance market in London, England.  At all times material hereto Certain Underwriters at Lloyds of London were duly authorized foreign/surplus lines insurers in the State of Alabama. Certain Underwriters at Lloyds of London provided insurance coverage to Bell Partners, Inc. in connection with the property that is the subject of this Complaint.

4.     Houston   Casualty   Company   (UK),   also   subscribing   to PRPNA1100944, is organized and existing under the laws of the United Kingdom and operating in and through the London insurance market in London, England. At all times material hereto Houston Casualty Company (UK) was a duly authorized foreign/surplus lines insurer in the State of Alabama. Houston Casualty Company (UK) provided insurance coverage to Bell Partners, Inc. in connection with the property that is the subject of this Complaint.

5.     General Security Indemnity Company of Arizona is an Arizona company with its principal place of business in New York, New York. At all times material hereto, General Security Indemnity Company of Arizona provided insurance coverage to Bell Partners, Inc. in connection with the property that is the subject of this Complaint.

6.     Ironshore Specialty Insurance Company is an Arizona company with its principal place of business in New York, New York. At all times material hereto, Ironshore Specialty Insurance Company provided insurance coverage to Bell Partners, Inc. in connection with the property that is the subject of this Complaint.

7.     Steadfast Insurance Company is a Delaware company with its principal place of business in Schaumburg, Illinois. At all times material hereto,

Steadfast Insurance Company provided insurance coverage to Bell Partners, Inc. in connection with the property that is the subject of this Complaint.

8.    Defendant Watts Water Technologies, Inc. ("Watts") is a Delaware company with its principal place of business in Massachusetts.   At all times material hereto, Watts Water Technologies, Inc. manufactured plumbing products, including industrial pressure reducing and relief valves such as the one that is at issue in this Complaint, and sold and distributed, or caused to be sold and distributed, those products in the State of Alabama.  Defendant may be served with process as provided by Rule 4(i)(2)(B) of the Alabama Rules of Civil Procedure by service upon Dean P. Freeman, CEO of the defendant, at 815 Chestnut Street, North Andover, Massachusetts 01845.

9.    Defendants Watts Regulator Company and Watts Regulator Company, Inc. are Delaware companies, both with their principal place of business located at 815 Chestnut Street, North Andover, Massachussetts 1845-6009. Defendants are registered to do business in the State of Alabama and may be served by service of process upon their registered agent for service of process, CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

10.    Jurisdiction is properly before this Court pursuant to Ala. Stat. § 12-12-30 and AL RCP 4.2 as the amount in controversy exceeds $10,000, the Watts

4

defendants (hereinafter collectively referred to as "Watts") regularly transact business in the State of Alabama, and the injury complained of herein resulted from that business.

11.   Venue is proper in this Court pursuant to Ala. Stat. § 6-3-7(a)(1) as the event giving rise to this Complaint occurred in Jefferson County, and the real property that is the subject of this Complaint is located in Jefferson County.

## ALLEGATION OF FACTS

12.   This complaint arises from water intrusion and resulting damage that took place on August 11, 2012 at the property owned by Bell Partners, Inc., known as the Chace Lake Villas, and located at 98 Chace Lake Parkway in Birmingham, Alabama (the "Property").

13.   Water entered 33 apartment units across 14 building via flexible connectors, pipe fittings, and other plumbing fixtures.

14.   A subsequent investigation revealed that the water intrusion and resulting damages were caused by the failure of a Watts F115 pressure reducing control valve (the "PRV") installed at the Property.

15.   The PRV's momentary pressure spike control mechanism, an orifice through which highly pressurized water can flow, was designed to discharge directly into a brass elbow forming part of the PRV assembly.

5

16.    That discharge of water led to erosion corrosion inside the brass elbow and, over time, perforated the brass material and caused the PRV to leak.

17.    The leak created a condition whereby the PRV was unable to mechanically discern the amount of pressure being applied to it by the municipal water source and, as such, failed to reduce that pressure to safe levels, resulting in the destruction of plumbing fixtures throughout the property.

18.    At all times relevant to this complaint, Plaintiffs provided insurance coverage to Bell Partners, Inc. in connection with the Property.

19.    Pursuant to their policies of insurance, Plaintiffs indemnified Bell Partners, Inc. for damages to the Property arising from the August 11, 2012 water intrusion in the amount of $496,519.72.

20.    Plaintiffs are equitably and contractually subrogated to all rights and causes of action against responsible third parties belonging to Bell Partners, Inc. by virtue of and to the extent of their indemnity payments to Bell Partners, Inc.

### Count I – Negligence of Watts Defendants in Designing the Product Complained of Herein as Prescribed by Alabama's Extended Manufacturers Liability Doctrine

21.    Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 20 above to the same extent as if fully set out herein.

22.    At all times material to this Complaint, Watts was engaged in the business of designing, manufacturing, and selling, among other plumbing fixtures, pressure reducing valves.

23.    Watts designed the PRV installed at the property of Plaintiffs' insured.

24.    Watts placed the PRV into the stream of commerce.

25.    The PRV was expected to, and did, reach Plaintiffs' insured without substantial change in the condition in which it was sold.

26.    The PRV was used for its intended purpose, with such purpose being reasonably foreseeable to Watts.

27.    Watts owed to Plaintiffs the duty to use reasonable care in designing the PRV so that it would reach its intended user in a non-defective, safe condition, thereby circumventing Plaintiffs' exposure to an unreasonable risk of harm.

28.    Watts breached the duty it owed to Plaintiffs in one or more of the following particulars:

      A.    by designing the PRV in a defective condition, rendering the PRV unsuited for its intended purpose;

      B.    by designing the PRV in a condition that rendered certain internal components prone to erosion corrosion, which in turn, caused the system to fail in its entirety;

      C.    by failing to design the PRV in a condition suitable for maintaining proper water pressure without creating an unreasonable danger to the Property;

7

D.     by failing to use a safer, alternative design so as to avoid product failure and contemporaneous damage to the Property;

E.     by failing to warn Plaintiffs of the defective and dangerous nature of the PRV design; and

F.     by other acts or omissions as discovery may reveal.

29.    The defective and unreasonably dangerous design of the PRV was the cause of the water intrusion and, thus, the direct, proximate, and foreseeable cause of the damages suffered Plaintiffs in the amount of $496,519.72.

### Count II – Negligence of Watts Defendants in Manufacturing the Product Complained of Herein as Proscribed by Alabama's Extended Manufacturers Liability Doctrine

30.    Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 19 above to the same extent as if fully set out herein.

31.    At all times material to this Complaint, Watts was engaged in the business of designing, manufacturing, and selling, among other plumbing fixtures, pressure reducing valves.

32.    Watts manufactured the PRV installed at the property of Plaintiffs' insured.

33.    Watts placed the PRV into the stream of commerce.

34.    The PRV was expected to, and did, reach Plaintiffs' insured without substantial change in the condition in which it was sold.

35.   The PRV was used for its intended purpose, with such purpose being reasonably foreseeable to Watts.

36.   Watts owed to Plaintiffs the duty to use reasonable care in manufacturing the PRV so that it would reach its intended user in a non-defective, safe condition, thereby circumventing Plaintiffs' exposure to an unreasonable risk of harm.

37.   Watts breached the duty it owed to Plaintiffs in one or more of the following particulars:

A.   by manufacturing the PRV in a manner that created a defective condition;

B.   by manufacturing the PRV in a manner which rendered the product unsuited for its intended purpose;

C.   by manufacturing the PRV in a manner that left certain internal components prone to erosion corrosion, which in turn, caused the system to fail in its entirety;

D.   by manufacturing the PRV in a condition unsuitable for maintaining proper water pressure without creating an unreasonable danger to the Property;

E.   by failing to inspect the PRV before placing it into the stream of commerce;

F.   by failing to warn Plaintiffs of the defective and dangerous nature in which the PRV was manufactured; and

G.   by other acts or omissions as discovery may reveal.

38.   The defective and unreasonably dangerous manner in which the PRV was manufactured was the cause of the water intrusion and, thus, the direct,

9

proximate, and foreseeable cause of the damages suffered Plaintiffs in the amount of $496,519.72.

**WHEREFORE**, Plaintiffs pray:

1.    That process issue and be served upon Defendants, compelling them to appear and answer this Complaint;

2.    That Plaintiffs have judgment against Defendants, jointly and severally, for the full amount of their damages;

3.    That all costs of this action be taxed against the defendants; and

4.    For such other and further relief as this Court may deem just and proper.

This 29th day of August, 2014.

John W. Scott
ASB-1788-T68J
Alexandra M. Shulman
ASB-8893-A62E

Scott Dukes & Geisler, P.C.
211 Twenty-Second Street North
Birmingham, Alabama 35203
Telephone: (205) 251-2300
Facsimile: (205) 251-6773
jscott@scottdukeslaw.com
bgrainger@scottdukeslaw.com

10

OF COUNSEL:

Jefferson C. McConnaughey (jmcconnaughey@cozen.com)
Cassie D. Preston (cpreston@cozen.com)
Cozen O'Connor
SunTrust Plaza, Suite 2200
1230 Peachtree Street NE
Suite 400
Atlanta, Georgia   30309
(404) 572-2000
(404) 572-2199 (facsimile)


### **JURY DEMAND**

Plaintiffs hereby demand trial by a struck jury.

_____
John W. Scott

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 29, 2014, I electronically filed the foregoing with the Clerk of the Court using the Alafile system upon counsel of as follows:

Dow A. Davidson, Esq.
Nelson Mullins Riley & Scarborough LLP
151 Meeting Street / Sixth Floor
Charleston, SC  29401-2239

Of Counsel



AlaFile E-Notice

01-CV-2014-903167.00

To: DAVIDSON DOW AMBROSE
dow.davidson@nelsonmullins.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

STARR SURPLUS LINES INSURANCE COMPANY ET AL V. WATTS WATER TECHNOLOGIE
01-CV-2014-903167.00

The following 31 was FILED on 8/29/2014 10:07:16 AM

Notice Date:     8/29/2014 10:07:16 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
8/29/2014 10:07 AM
01-CV-2014-903167.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE TENTH JUDICIAL CIRCUIT COURT OF
## JEFFERSON COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| Starr Surplus Lines Insurance Company; | ) | |
| Chubb Custom Insurance Company; | ) | |
| Certain Underwriters at Lloyds of | ) | |
| London Subscribing to Policy | ) | |
| RPNA1100944; Houston Casualty | ) | |
| Company (UK); General Security Indemnity | ) | |
| Company of Arizona; Ironshore Specialty | ) | |
| Insurance Company; and Steadfast Insurance | ) | |
| Company as subrogees of Bell Partners, | ) | |
| Inc., | ) | CIVIL FILE ACTION NO. |
|  | ) | CV-2014-903167 |
| Plaintiffs, | ) | |
|  | ) | |
| vs. | ) | |
|  | ) | |
| Watts Water Technologies, Inc., | ) | |
|  | ) | |
| Defendant. | ) | |

STATE OF ALABAMA           )
                                                    :
COUNTY OF JEFFERSON    )

## AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND AMENDED COMPLAINT

Before me, the undersigned notary public in and for said county and state, personally appeared JOHN W. SCOTT who being known to me and who being first duly sworn, deposes on oath and states as follows:

1.      My name is John W. Scott. I am over the age of nineteen years and am suffering from no legal disability.

2.      I am the duly authorized attorney for the Plaintiffs in this matter. This Affidavit is based upon my personal knowledge.

3.     Filed copies of the Summonses and First Amended Complaint for Property Damage and Demand for Jury Trial in this matter were mailed on August 29, 2014 via certified mail totalling the amount of $13.80 to Defendant Watts Regulator Company and Defendant Watts Regulator Company, Inc., c/o CT Corporation System 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104, pursuant to Rule 4(i)(2)(B)(ii) of the Alabama Rules of Civil Procedure.

FURTHER AFFIANT SAITH NOT.

Executed this 29th day of August, 2014.

John W. Scott

STATE OF ALABAMA            )
                            :
COUNTY OF JEFFERSON         )

I, the undersigned authority, a Notary Public in and for said County in said State, hereby certify that JOHN W. SCOTT whose name is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that being informed of the contents of the said instrument, he executed the same voluntarily on the day the same bears date.

GIVEN under my hand and seal this 29th day of August, 2014.

[NOTARIAL SEAL]

Notary Public

Print Name: Dawn M. McDowell

My Commission Expires: 9/28/2016

76452