FILED
2014 Oct-03 AM 10:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT D

Case 2:14-cv-01883-AKK   Document 1-4   Filed 10/02/14   Page 2 of 19



AlaFile E-Notice

01-CV-2014-903167.00

To: DOW AMBROSE DAVIDSON
dow.davidson@nelsonmullins.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

STARR SURPLUS LINES INSURANCE COMPANY ET AL V. WATTS WATER TECHNOLOGIE
01-CV-2014-903167.00

The following answer was FILED on 9/16/2014 3:27:22 PM

Notice Date:   9/16/2014 3:27:22 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



ELECTRONICALLY FILED
9/16/2014 3:27 PM
01-CV-2014-903167.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE TENTH JUDICIAL CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| Starr Surplus Lines Insurance Company; ) <br> Chubb Custom Insurance Company; ) <br> Certain Underwriters at Lloyds of London ) <br> Subscribing to Policy PRPNA1100944; ) <br> Houston Casualty Company (UK); General ) <br> Security Indemnity Company of Arizona; ) <br> Ironshore Specialty Insurance Company; ) <br> and Steadfast Insurance Company as ) <br> subrogees of Bell Partners, Inc., ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> vs. ) <br>  ) <br> Watts Water Technologies, Inc., and Watts ) <br> Regulator Company and/or Watts ) <br> Regulator Company, Inc., ) <br>  ) <br> Defendants. ) | Civil File Action No. 01-CV-2014-903167 |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT WATTS REGULATOR CO. TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant, Watts Regulator Co. ("Watts Regulator"), hereby files its Answer and Affirmative Defenses to the allegations contained in the First Amended Complaint ("Amended Complaint") filed by plaintiffs, Starr Surplus Lines Insurance Company, et al. as subrogees of Bell Partners, Inc. ("Plaintiffs"), and hereby answers each allegation of the Amended Complaint as follows:[1]

---

[1] Any headings contained herein, which first appear in Plaintiffs' Amended Complaint, exist solely for ease of reference. Such repetition is in no way an admission of any allegations contained in the Amended Complaint.

1

~#4843-0089-8334~

## JURISDICTION AND VENUE

1. Watts Regulator lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Amended Complaint and therefore denies the allegations contained in Paragraph 1 of the Amended Complaint.

2. Watts Regulator lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Amended Complaint and therefore denies the allegations contained in Paragraph 2 of the Amended Complaint.

3. Watts Regulator lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Amended Complaint and therefore denies the allegations contained in Paragraph 3 of the Amended Complaint.

4. Watts Regulator lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Amended Complaint and therefore denies the allegations contained in Paragraph 4 of the Amended Complaint.

5. Watts Regulator lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Amended Complaint and therefore denies the allegations contained in Paragraph 5 of the Amended Complaint.

6. Watts Regulator lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Amended Complaint and therefore denies the allegations contained in Paragraph 6 of the Amended Complaint.

7. Watts Regulator lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Amended Complaint and therefore denies the allegations contained in Paragraph 7 of the Amended Complaint.

8. The allegations contained in Paragraph 8 of the Amended Complaint apply to parties other than Watts Regulator, no response is required. To the extent that a response is required, Watts Water denies those allegations.

9. Watts Regulator denies that it is a Delaware company. Watts Regulator admits that its principal place of business is located at 815 Chestnut Street, North Andover, Massachusetts 1845-6009, that it is registered to do business in the State of Alabama, and that its registered agent for service of process is CT Corporation System, located at 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104. To the extent that the allegations contained in Paragraph 9 of the Amended Complaint apply to parties other than Watts Regulator, no response is required.

10. Paragraph 10 of the Plaintiffs' Amended Complaint sets forth conclusions of law to which no response is required. To the extent further response is required, Watts Regulator denies such allegations contained in Paragraph 10 of the Plaintiffs' Amended Complaint.

11. Paragraph 11 of the Plaintiffs' Amended Complaint sets forth conclusions of law to which no response is required. To the extent further response is required, Watts Regulator denies such allegations contained in Paragraph 11 of the Plaintiffs' Amended Complaint.

## ALLEGATION OF FACTS

12. Watts Regulator lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Amended Complaint and therefore denies the allegations contained in Paragraph 12 of the Amended Complaint.

13. Watts Regulator lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Amended Complaint and therefore denies the allegations contained in Paragraph 13 of the Amended Complaint.

14. Watts Regulator lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Amended Complaint and therefore denies the allegations contained in Paragraph 14 of the Amended Complaint.

15. Watts Regulator lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Amended Complaint and therefore denies the allegations contained in Paragraph 15 of the Amended Complaint.

16. Watts Regulator lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Amended Complaint and therefore denies the allegations contained in Paragraph 16 of the Amended Complaint.

17. Watts Regulator lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Amended Complaint and therefore denies the allegations contained in Paragraph 17 of the Amended Complaint.

18. Watts Regulator lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Amended Complaint and therefore denies the allegations contained in Paragraph 18 of the Amended Complaint.

19. Watts Regulator lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Amended Complaint and therefore denies the allegations contained in Paragraph 19 of the Amended Complaint.

20. Watts Regulator lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Amended Complaint and therefore denies the allegations contained in Paragraph 20 of the Amended Complaint.

## Count I – Negligence of Watts Defendants in Designing the Product Complained of Herein as Prescribed by Alabama's Extended Manufacturers Liability Doctrine

21. Watts Regulator repeats and realleges its answer to the allegations contained in Paragraphs 1-20 of the Amended Complaint.

22. Watts Regulator admits that it is engaged in the business of designing, manufacturing, and selling plumbing fixtures, including pressure reducing valves. To the extent that allegations contained in Paragraph 22 of the Amended Complaint apply to parties other than Watts Regulator, no response is required. Watts Regulator lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 22 and therefore denies those allegations.

23. Watts Regulator lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 and therefore denies those allegations. To the extent that allegations contained in Paragraph 23 of the Amended Complaint apply to parties other than Watts Regulator, no response is required.

24. Watts Regulator lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 and therefore denies those allegations. To the extent that allegations contained in Paragraph 24 of the Amended Complaint apply to parties other than Watts Regulator, no response is required.

25. Watts Regulator lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 and therefore denies those allegations. To the extent that allegations contained in Paragraph 25 of the Amended Complaint apply to parties other than Watts Regulator, no response is required.

26. Watts Regulator lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 and therefore denies those allegations. To the

extent that allegations contained in Paragraph 26 of the Amended Complaint apply to parties other than Watts Regulator, no response is required.

27. Watts Regulator denies the allegations contained in Paragraph 27 of the Amended Complaint. To the extent that allegations contained in Paragraph 27 of the Amended Complaint apply to parties other than Watts Regulator, no response is required.

28. Watts Regulator denies the allegations contained in Paragraph 28, and its Subparagraphs A through F, of the Amended Complaint. To the extent that allegations contained in Paragraph 28 of the Amended Complaint apply to parties other than Watts Regulator, no response is required.

29. Watts Regulator denies the allegations contained in Paragraph 29 of the Amended Complaint. To the extent that allegations contained in Paragraph 29 of the Amended Complaint apply to parties other than Watts Regulator, no response is required.

**Count II – Negligence of Watts Defendants in Manufacturing the Product Complained of Herein as Prescribed by Alabama's Extended Manufacturers Liability Doctrine**

30. Watts Regulator repeats and realleges its answer to the allegations contained in Paragraphs 1-29 of the Amended Complaint.

31. Watts Regulator admits that it is engaged in the business of designing, manufacturing, and selling plumbing fixtures, including pressure reducing valves. Watts lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 31 and therefore denies those allegations. To the extent that allegations contained in Paragraph 31 of the Amended Complaint apply to parties other than Watts Regulator, no response is required. To the extent that a response is required, Watts Regulator denies those allegations. Watts Regulator lacks sufficient knowledge to form a belief as to the

truth or falsity of the remaining allegations contained in Paragraph 31 and therefore denies those allegations.

32. Watts Regulator lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 32, and therefore denies the allegations contained in Paragraph 32 of the Amended Complaint. To the extent that allegations contained in Paragraph 32 of the Amended Complaint apply to parties other than Watts Regulator, no response is required.

33. Watts Regulator lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 and therefore denies the allegations contained in Paragraph 33 of the Amended Complaint. To the extent that allegations contained in Paragraph 33 of the Amended Complaint apply to parties other than Watts Regulator, no response is required.

34. Watts Regulator lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 and therefore denies the allegations contained in Paragraph 34 of the Amended Complaint. To the extent that allegations contained in Paragraph 34 of the Amended Complaint apply to parties other than Watts Regulator, no response is required.

35. Watts Regulator lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 and therefore denies the allegations contained in Paragraph 35 of the Amended Complaint. To the extent that allegations contained in Paragraph 35 of the Amended Complaint apply to parties other than Watts Regulator, no response is required.

36. Watts Regulator denies the allegations contained in Paragraph 36 of the Amended Complaint. To the extent that allegations contained in Paragraph 36 of the Amended Complaint apply to parties other than Watts Regulator, no response is required.

37. Watts Regulator denies the allegations contained in Paragraph 37, and its Subparagraphs A through G, of the Amended Complaint. To the extent that allegations contained in Paragraph 37 of the Amended Complaint apply to parties other than Watts Regulator, no response is required.

38. Watts Regulator denies the allegations contained in Paragraph 38 of the Amended Complaint. To the extent that allegations contained in Paragraph 38 of the Amended Complaint apply to parties other than Watts Regulator, no response is required.

## AFFIRMATIVE DEFENSES

Without assuming any burdens not imposed by law, Watts Regulator asserts the following defenses to Plaintiffs' claims. Watts reserves the right to amend its defenses and/or assert additional affirmative defenses as discovery is ongoing.

### First Affirmative Defense

With respect to each and every claim asserted therein, Plaintiffs' Amended Complaint fails to state a cause of action against Watts Regulator upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs lack standing to bring a claim against Watts Regulator for damages resulting from the facts alleged in the Amended Complaint to the extent that Plaintiffs have not paid insurance proceeds under their respective insurance policies issued to Bell Partners.

### Third Affirmative Defense

The venue of this action is improper.

~#4843-0089-8334~

### Fourth Affirmative Defense

Service and/or service of process was improper and/or insufficient.

### Fifth Affirmative Defense

This Honorable Court lack personal jurisdiction in this matter and over the controversy forming the basis of this litigation.

### Sixth Affirmative Defense

Plaintiffs and/or Bell Partners alleged damages result from the negligence of persons or entities over which Watts Regulator had no control and for which Watts Regulator had no legal responsibility.

### Seventh Affirmative Defense

Watts Regulator specifically denies that the Subject PRV, if it is found to be designed, manufactured, sold, and/or distributed by Watts Regulator, is not reasonably fit and suitable for the purposes for which it was intended and further denies that the Subject PRV was in a dangerously defective and unsafe condition.

### Eighth Affirmative Defense

Plaintiffs and/or Bell Partners voluntarily assumed a risk, the extent and nature of which was fully known and appreciated to them, and such assumption of the risk was the direct and proximate cause of the damages allegedly suffered by Plaintiffs and/or Bell Partners, if any; and the claims of the Plaintiff herein are barred.

### Ninth Affirmative Defense

Plaintiffs' claims are barred by the applicable statute of limitations and/or repose.

### Tenth Affirmative Defense

To the extent that the use of the Subject PRV was contrary to any express and adequate instructions or warnings delivered with, appearing on, or attached to the Subject PRV or on its original container or wrapping, and to the extent the user knew or with the exercise of reasonable and diligent care should have known of such instructions or warnings, Plaintiffs' claims against Watts Regulator are barred.

### Eleventh Affirmative Defense

Plaintiffs' and/or Bell Partners' negligence was "a" proximate cause or "the" proximate cause of the injuries and damages alleged in the Amended Complaint, and such negligence was contributory negligence, barring any purported right of the Plaintiffs to recover from Watts Regulator.

### Twelfth Affirmative Defense

Plaintiffs' claims are barred because the acts of other persons or entities were the intervening and/or supervening and proximate cause of Plaintiffs' and/or Bell Partners' alleged damages.

### Thirteenth Affirmative Defense

The Subject PRV did not create a dangerous condition that Watts Regulator knew, or should have known, posed an unreasonable risk of harm.

### Fourteenth Affirmative Defense

After the Subject PRV left the control of the manufacturer, Watts Regulator did not become aware of, or in the exercise of ordinary care should not have known, that the Subject PRV posed a substantial risk of harm and did not fail to take reasonable steps to give adequate warnings or instructions or to take other reasonable action under the circumstances.

### Fifteenth Affirmative Defense

Plaintiffs' claims are barred under the doctrine of laches.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred pursuant to the component parts doctrine as embodied in the Restatement (Third) of Products Liability.

### Seventeenth Affirmative Defense

Plaintiffs' claims against Watts Regulator are barred, in whole or in part, because (1) at the time of its manufacture the Subject PRV was not designed in an unreasonable manner and was suited for its intended use; (2) the design of the Subject PRV was not a proximate cause of the harm for which Plaintiff seeks damages; (3) at the time the Subject PRV left the control of the manufacturer, no reasonable alternative design that was safer, practical or feasible could have been reasonably adopted that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality or desirability of the product; and (4) at the time the Subject PRV left the control of the manufacturer, the design of the product was not so unreasonable that a reasonable person, aware of the relevant facts, would not use or consume a product of this design.

### Eighteenth Affirmative Defense

To the extent Plaintiffs' claims are based upon an inherent characteristic of the Subject PRV that cannot be eliminated without substantially compromising the product's usefulness or desirability and that is recognized by the ordinary person with the ordinary knowledge common to the community, Plaintiffs' claims against Watts Regulator are barred, in whole or in part.

### Nineteenth Affirmative Defense

Plaintiffs' claims against Watts Regulator are barred, in whole or in part, because at the time of its design the Subject PRV conformed to the then state-of-the-art knowledge and practice with regard to such products, and Watts Regulator did not and could not know that a product of this type might pose a risk of harm, to the extent any such harm exists, if used in a normal and foreseeable manner.

### Twentieth Affirmative Defense

To the extent that Plaintiffs' and/or Bell Partners' alleged injuries were proximately caused by either an alteration or modification of the Subject PRV by a party other than the manufacturer or seller, occurring after the Subject PRV left the control of the manufacturer or seller, and not performed in accordance with the instructions or specifications of the manufacturer or seller, Plaintiffs' claims against Watts Regulator are barred.

### Twenty-First Affirmative Defense

Plaintiffs' claims are barred because Plaintiffs failed to mitigate any of its alleged damages.

### Twenty-Second Affirmative Defense

Plaintiffs' claims are barred to the extent the terms, conditions, endorsements, and exclusions of insurance policies issues to Bell Partners expressly exclude and/or bar the type of coverage sought by Plaintiffs.

### Twenty-Third Affirmative Defense

Plaintiffs' claims against Watts Regulator are barred because of a misnomer of a party.

### Twenty-Fourth Affirmative Defense

Plaintiffs' alleged losses are purely economic and the alleged duties of Watts Regulator derive solely from contract. Therefore, Plaintiffs' negligence claims are barred by the economic loss rule.

### Twenty-Fifth Affirmative Defense

Plaintiffs misused, abused, abnormally or improperly used the Subject PRV, and used it in a manner other than that for which they were intended. Such abuse, or abnormal, improper use proximately caused or contributed to, in whole or in part, the injuries or damages sustained by the Plaintiffs, if any. Plaintiffs failed to observe and use ordinary care and caution, knowing that the products Plaintiffs were using could cause damage if misused. Therefore, the proximate cause of Plaintiffs' injuries or damages, if any, was a direct result of Plaintiffs' negligence.

### Twenty-Sixth Affirmative Defense

There is a complete absence of any causal relation between any actions of Watts Regulator and the injury/damages alleged by the Plaintiffs, and therefore Plaintiffs cannot recover.

### Twenty-Seventh Affirmative Defense

There was no manufacturing defect in the Subject PRV and thus Plaintiffs are barred from recovering damages in this matter.

### RESERVATION OF RIGHTS

Watts Regulator reserves the right to supplement its answer and affirmative defenses with additional claims and defenses that become available or apparent during the course of investigation, preparation, or discovery and to amend its answer accordingly.

~#4843-0089-8334~

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Alabama Rules of Civil Procedure, Watts Regulator respectfully demands a jury trial of all issues triable to a jury in this action.

WHEREFORE, Watts Regulator Co. respectfully requests the Court to enter judgment in its favor as to the Plaintiffs' claims and further requests any further relief to which it may be entitled.

Respectfully submitted this 16th day of September, 2014.

/s/ Dow A. Davidson
Dow A. Davidson
ASB-1585-W81D
NELSON MULLINS RILEY &
SCARBOROUGH LLP
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC  29401-2239
Phone: (843) 853-5200
Fax: (843) 722-8700
E-Mail:
dow.davidson@nelsonmullins.com

*Attorney for Watts Regulator Co.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2014, a copy of the foregoing was electronically filed with the Clerk of Court using the AlaFile System which send notification of such filing to the counsel of record in this case.



# AlaFile
brought to you by alacourt.com

## E-File Receipt

**Document Filed:** Complaint Denied

**Electronic Document Stamp:** CV2014903167009/16/2014 3:27:21 PMd9a37ec4-0ba2-46bc-b480-9bd743ac6803

### Case Info

| County | Case Number | Style | Judge |
|---|---|---|---|
| 01 | CV201490316700 | STARR SURPLUS LINES INSURANCE COMPANY ET AL V. WATTS WATER TECHNOLOGIE | JLB |

### The following Documents were attached to this filing:

| Title | Description | Size | File Type | Location |
|---|---|---|---|---|
| ANSWER | Answer and Affirmative Defenses | 0.041 | pdf | FINAL - Watts Reg Co Answer to First Amended Complaint _Bell Partners_ - 4826-9703-3246 - 4843.pdf |

### Notice of this filing has been electronically served on:

| Party | Party Name | Code | Attorney | Email |
|---|---|---|---|---|
| C001 | STARR SURPLUS LINES INSURANCE COMPANY | EAG003 | SHULMAN ALEXANDRA MOGEL | ashulman@scottdukeslaw.com |
| C001 | STARR SURPLUS LINES INSURANCE COMPANY | SCO028 | SCOTT JOHN WINSTON | jscott@scottdukeslaw.com |
| C002 | CHUBB CUSTOM INSURANCE COMPANY | EAG003 | SHULMAN ALEXANDRA MOGEL | ashulman@scottdukeslaw.com |
| C002 | CHUBB CUSTOM INSURANCE COMPANY | SCO028 | SCOTT JOHN WINSTON | jscott@scottdukeslaw.com |
| C003 | CERTAIN UNDERWRITERS AT LLOYDS | EAG003 | SHULMAN ALEXANDRA MOGEL | ashulman@scottdukeslaw.com |
| C003 | CERTAIN UNDERWRITERS AT LLOYDS | SCO028 | SCOTT JOHN WINSTON | jscott@scottdukeslaw.com |
| C004 | GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA | EAG003 | SHULMAN ALEXANDRA MOGEL | ashulman@scottdukeslaw.com |
| C004 | GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA | SCO028 | SCOTT JOHN WINSTON | jscott@scottdukeslaw.com |
| C005 | IRONSHORE SPECIALTY INSURANCE COMPANY | EAG003 | SHULMAN ALEXANDRA MOGEL | ashulman@scottdukeslaw.com |
| C005 | IRONSHORE SPECIALTY INSURANCE COMPANY | SCO028 | SCOTT JOHN WINSTON | jscott@scottdukeslaw.com |
| C006 | STEADFAST INSURANCE COMPANY | EAG003 | SHULMAN ALEXANDRA MOGEL | ashulman@scottdukeslaw.com |
| C006 | STEADFAST INSURANCE COMPANY | SCO028 | SCOTT JOHN WINSTON | jscott@scottdukeslaw.com |
| C007 | HOUSTON CASUALTY COMPANY (UK) | EAG003 | SHULMAN ALEXANDRA MOGEL | ashulman@scottdukeslaw.com |
| C007 | HOUSTON CASUALTY COMPANY (UK) | SCO028 | SCOTT JOHN WINSTON | jscott@scottdukeslaw.com |
| D001 | WATTS WATER TECHNOLOGIES, INC. | DAV160 | DAVIDSON DOW AMBROSE | dow.davidson@nelsonmullins.com |

### Notice of this filing must be served on the following parties:

| Party | Name | Address | City | State | Zip | Service |
|---|---|---|---|---|---|---|
| C001 | STARR SURPLUS LINES INSURANCE COMPANY | 303 PEACHTREE STREET NE | ATLANTA | GA | 30308-0000 | |
| C001 | STARR SURPLUS LINES INSURANCE COMPANY | COZEN O'CONNOR | ATLANTA | GA | 30308-0000 | |
| C002 | CHUBB CUSTOM INSURANCE COMPANY | 303 PEACHTREE STREET NE | ATLANTA | GA | 30308-0000 | |
| C002 | CHUBB CUSTOM INSURANCE COMPANY | COZEN O'CONNOR | ATLANTA | GA | 30308-0000 | |
| C003 | CERTAIN UNDERWRITERS AT LLOYDS | 303 PEACHTREE STREET NE | ATLANTA | GA | 30308-0000 | |
| C003 | CERTAIN UNDERWRITERS AT LLOYDS | COZEN O'CONNOR | ATLANTA | GA | 30308-0000 | |
| C004 | GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA | 303 PEACHTREE STREET NE | ATLANTA | GA | 30308-0000 | |
| C004 | GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA | COZEN O'CONNOR | ATLANTA | GA | 30308-0000 | |
| C005 | IRONSHORE SPECIALTY INSURANCE COMPANY | 303 PEACHTREE STREET NE | ATLANTA | GA | 30308-0000 | |
| C005 | IRONSHORE SPECIALTY INSURANCE COMPANY | COZEN O'CONNOR | ATLANTA | GA | 30308-0000 | |
| C006 | STEADFAST INSURANCE COMPANY | 303 PEACHTREE STREET NE | ATLANTA | GA | 30308-0000 | |
| C006 | STEADFAST INSURANCE COMPANY | COZEN O'CONNOR | ATLANTA | GA | 30308-0000 | |
| C007 | HOUSTON CASUALTY COMPANY (UK) | 303 PEACHTREE STREET NE | ATLANTA | GA | 30308-0000 | |
| C007 | HOUSTON CASUALTY COMPANY (UK) | COZEN O'CONNOR | ATLANTA | GA | 30308-0000 | |
| D002 | WATTS REGULATOR COMPANY (PRO SE) | C/O CT CORPORATION SYSTEM | MONTGOMERY | AL | 36104 | Certified Mail |
| D003 | WATTS REGULATOR COMPANY, INC. (PRO SE) | C/O CT CORPORATION SYSTEM | MONTGOMERY | AL | 36104 | Certified Mail |